UNITED STATES *v.* W. L. CONOVER and F. ROCHOW & Co. (No. 3295[1])

United States Court of Customs and Patent Appeals, March 19, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.
No appearance for appellee.

[Oral argument February 17, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:
Two importations of soap were made by appellees, one at the port of Galveston, Tex., and the other at the port of Detroit, Mich. The goods were identical and were, in both instances, classified as toilet soap at 30 per centum ad valorem under paragraph 82 of the Tariff Act of 1922. In each case the protest claimed the goods to be dutiable

---

[1] T. D. 43917.

under the same paragraph, as "all other soap," at 15 per centum ad valorem. The paragraph in question follows:

PAR. 82. Soap: Castile, 15 per centum ad valorem; toilet, 30 per centum ad valorem; all other soap and soap powder not specially provided for, 15 per centum ad valorem.

The court below sustained the protests and the Government has appealed.

Three witnesses were called and testified on behalf of the protestant in the Customs Court. In addition, a bar of the soap in question, inclosed in its paper wrapper, was received in evidence. This wrapper or label contains the following statement:

Possesses an extraordinary cleaning power owing to the superior quality of its ingredients. Cleans the hands speedily and thoroughly, removing ink, grease, tar, etc., without the least injury to the skin, giving a pleasant massage at the same time. This soap will be found indispensable to the household, office, factory, hospitals, etc. The ideal soap for motorists. When regularly used it will keep the hands in perfect condition. A trial will lead to constant use.

Asa Reid, a witness called by protestants, president of F. Rochow & Co., one of the protestants, stated, on cross-examination, that his company sold and represented this soap to the public for the purposes set out in said wrapper. Without quoting unnecessarily from the record, it appears that the chief use of the goods is for washing the hands when they are soiled with ink, grease, or other similar substances. There is some testimony to the effect that it is sometimes used in washing bath tubs and similar objects, but such use, from the record, is a minor one. It is also in evidence, in a rather fragmentary way, that this soap is not used in bathing the face or any other portions of the body except the hands, because of the grit it contains.

Is such a soap a toilet soap? In *United States* v. *Yardley (Ltd.)*, 16 Ct. Cust. Appls. 499, T. D. 43226, we had before us for consideration the proper classification of powdered soap. In discussing the subject we quoted the definition of "toilet soap" given in Funk & Wagnalls Standard Dictionary, 1925, and then stated:

Toilet soap, therefore, in its general acceptation, and in the meaning given to the term by the lexicographer quoted, is one used in connection with the toilet. Such use of the imported product, to constitute it a toilet soap, must ordinarily be a chief use, for the purposes just stated.

The word "toilet" is thus defined in Webster's New International Dictionary, 1925:

Toilet. n. 4. Act or process of dressing, esp., formerly, of dressing the hair; also, that which is arranged in dressing; attire; dress; "get-up;" also, a particular costume; as, he made a careful *toilet*; and exhibition of *toilets*.

It could hardly be contended that the act of washing and cleansing the hands was not a part of the making of the toilet. What means shall be utilized in doing this is just a matter of degree. There is a

considerable difference between the grimy hands of the boy as he comes from play and the dainty fingers of the lady of fashion. What will cleanse one will have no effect on the other. The cleansing of them, however, in both cases, is a toilet operation. The fact that the engineer or garage mechanic must use this, or a like soap, to cleanse his hands or arms, does not make it any the less a part of his toilet. The term "toilet soap" is doubtless used in the statute to differentiate soap used in making the toilet, from "all other soap and soap powder," such as is used for household and laundry purposes. We are of opinion the soap in question was properly classified as toilet soap.

Counsel for the Government has also called our attention to a significant change in the statute. The Tariff Act of August 5, 1909, paragraph 69, provided for *fancy or perfumed toilet* soaps; the Tariff Act of October 3, 1913, paragraph 66, provided for *perfumed toilet* soaps. The Tariff Act of 1922, as we have seen, simply provides for *toilet* soap. It would seem from this that the Congress had ceased to impose any limitations upon toilet soaps, thus indicating a broader meaning for the term than that theretofore expressed.

The judgment of the court below is *reversed*.